## STATE *v.* ASA A. PLASTRIDGE.

Where a statute punishes the keeping and maintaining of a grog-shop and tippling-shop, or building, place, or tenement used for the sale or keeping of intoxicating liquors, or where intemperate, idle, noisy or disorderly persons are in the habit of resorting, as a common nuisance, an indictment upon the statute may charge the offence in the language of the statute, to have been committed in both these modes, and proof that it was committed in either mode will maintain the indictment.

THIS was an indictment against the defendant, in two counts, charging him with keeping and maintaining a common nuisance, in violation of chapter 73 of the Revised Statutes.

State *v.* Plastridge.

The *first* count charged that the defendant " on the 17th day of March, in the year of our Lord, one thousand eight hundred and fifty-seven, and on divers other days and times, between said last-mentioned day and the day of the finding of this indictment, with force and arms, at Providence, in the aforesaid county of Providence, did keep and maintain a certain common nuisance, to wit, a grog-shop and tippling-shop, and building, place, and tenement, used for the illegal sale and keeping of intoxicating liquors, and for the habitual resort of intemperate, idle, dissolute, noisy, and disorderly persons, against the form of the statute in such case made and provided, and against the peace and dignity of the state."

The *second* count charged that the defendant, on the same day and year, at said Providence, "and on divers other days and times between said last-mentioned day and the day of the finding of this indictment, with force and arms," "did keep and maintain a certain grog-shop and tippling-shop, and building, place, and tenement, used for the illegal sale and keeping of intoxicating liquors, and for the habitual resort of intemperate, idle, dissolute, noisy, and disorderly persons, to the great damage and common nuisance of all the good citizens of this state, against the form of the statute, &c."

At the trial of the indictment, before *Shearman,* Justice, at the December term of the court of common pleas for the county of Providence, 1858, the counsel for the defendant requested the court to charge the jury, that the indictment did not charge the commission of any offence provided for in the 73d chapter of the Revised Statutes, but did in substance charge the common-law offence of keeping and maintaining a common nuisance, viz: a grog-shop, tippling-shop, and building, place, and tenement, used for the illegal sale and keeping of intoxicating liquors, and where intemperate, idle, dissolute, noisy, and disorderly persons were in the habit of resorting; and that, in order to convict the defendant, it was necessary for the government to prove — 1st. That the building, place, or tenement was used for the illegal sale or keeping of intoxicating liquors; 2d. That intemperate, idle, dissolute, noisy, or disorderly persons were in the habit of resorting there; and,

7 *

3d. That said place was kept by the defendant for such purposes.

The court refused to give these instructions, but, on the contrary, instructed the jury that the indictment sufficiently described an offence under said chapter; that it was immaterial whether it did, or did not, charge the commission of such common-law offence, inasmuch as it did sufficiently charge an offence under said chapter; and that in order to conviction, it was unnecessary for the government to prove all that the counsel for the defendant required, but that if the testimony showed either that intoxicating liquors were illegally sold or kept in the place charged, or, that it was a place where intemperate, idle, dissolute, noisy, or disorderly persons were in the habit of resorting, and that said place was kept by the defendant for either of those purposes, it would be sufficient to maintain the indictment.

The counsel for the defendant also requested the court to charge the jury, that in order to convict the defendant, the facts proven by the testimony and relied upon by the government must be of such a character, that their existence could not be reasonably reconciled with any other hypothesis than that of the guilt of the defendant.

The court assented to this request, and charged the jury, "that if the testimony in the case was as consistent with the defendant's innocence as with his guilt, they must acquit, and otherwise, they need not; and that if there was any reasonable doubt in regard to the guilt of the defendant, upon the whole evidence, he was entitled to an acquittal."

The defendant having duly excepted at the trial to these refusals to instruct and instructions, and a verdict of guilty having been returned against him in the court of common pleas, now brought his exceptions to this court for a new trial, upon the ground of misdirection in matter of law.

*Brownell,* for the defendant: —

1st. The indictment does not charge the commission of any offence mentioned in chapter 73 of the Revised Statutes. The first section of that chapter declares certain places, kept or maintained in certain ways, to be common nuisances. The offence

provided for is the keeping or maintaining of a common nuisance, and this may be done in as many different ways as there are places described.    There are as many different nuisances mentioned as there are places.    The keeping and maintaining of each particular place or nuisance is a separate and distinct offence.    A place kept for all the purposes and in all the ways set forth in the section is not a statute nuisance, whatever it may have been at common law.

2d.  The indictment *does* charge the commission of an offence known to the common law, viz : the keeping and maintaining a common nuisance.    It charges the keeping and maintaining of *one* place *only*.    That place was a place where intoxicating liquors were illegally sold and kept, and where intemperate, idle, dissolute, noisy, and disorderly persons were in the habit of resorting.    A grog-shop is " a shop where grog and other spirituous liquors are retailed."  Web. Dic. "grog-shop."  A tippling-shop or house is " a house in which liquors are sold in drams or small quantities, and where persons are *accustomed to spend their time* and money in *excessive drinking*.   Web. Dic. " tippling-shop."    Then a grog-shop and tippling-shop is a place " where grog and other spirituous liquors are retailed," and " where persons are accustomed to spend their time and money in excessive drinking."    In this state, then, where it is illegal to retail liquors, the phrase " a grog-shop and tippling-shop," and the phrase " building, place, and tenement used for the illegal sale and keeping of intoxicating liquors, and for the habitual resort of intemperate, idle, dissolute, noisy, and disorderly persons," are convertible terms, describing the same place, and expressing the same idea.

3d.  The evidence, in order to support the charge in the indictment, therefore, should have shown that the place, alleged to have been kept, was a place where intoxicating liquors were illegally sold and kept, and where intemperate, idle, dissolute, noisy, and disorderly persons were in the habit of resorting.  The offence charged is that of keeping a common nuisance ; but that charge, of itself, without describing the kind of nuisance, would be void for uncertainty.    It was therefore necessary to describe the kind of nuisance alleged to have been kept.

The description of the nuisance is therefore *material*, and the words used for that purpose constitute the *descriptive averments* in setting forth the offence in the several counts of the indictment. " No allegation, whether it be necessary or unnecessary, whether it be more or less particular, which is descriptive of the identity of that which is legally essential to the charge in the indictment, can ever be rejected as surplusage." *United States* v. *Howard*, (Story, J.) 3 Sumn. 15, 16; " which is tantamount to saying that it must be proved as laid." *State* v. *Fitzpatrick*, 4 R. I. (1 Ames,) 274; *State* v. *Copp*, 15 N. H. 216; *State* v. *Noble*, 15 Maine, (3 Shep.) 476; 2 Russ. on Cr. 788. Even if the phrases above mentioned are not convertible terms, still they stand as descriptive of the place charged to have been a common nuisance, and in each case something more than mere proof of an illegal sale or keeping of liquors is essential to support the charge.

4th. The request made by defendant's counsel, as set forth in the fourth exception was correct, and should have been granted by the court. Although not in so many words refused, it was in substance denied. The charge as actually given by the court was erroneous, as it is contrary to the first principle of criminal jurisprudence, viz: that every man is presumed innocent until he has been *proven guilty.* The latter clause in the charge does not correct the error. To say the least of it, the charge on this point was so contradictory and confused, that the jury might well *have been led into error;* and this of itself would be suffici- ground for a new trial.

*The Attorney-General*, for the state : —

1st. The indictment in this case charges the commission of an offence described in section 1, chapter 73, of the Revised Statutes. That section describes but one offence, viz : the keeping and maintaining of a common nuisance, but specifies different modes in which that offence may be committed. The offence is the keeping and maintaining a common nuisance; but it may be committed in either one of the modes mentioned in the statute. *State* v. *Nelson*, 29 Maine, 334.

2d. It is sufficient to charge an offence in the precise words of the statute creating it. *State* v. *Ladd*, 2 Swan's Rep. 226;

*Hamilton* v. *Commonwealth,* 3 Penn. 142; *Updegraff* v. *Commonwealth,* 6 Serg. and Rawle, 5; *State* v. *Boughbee,* 3 Blackford, 308; *Whiting* v. *State,* 14 Conn. 487; *State* v. *Little,* 1 Vermont 331; 6 Ib. 594; *United States* v. *Gooding,* 12 Wheaton, 460. The indictment in this case follows the precise words of the statute, or their exact equivalents.

3'd. If the indictment charged the commission of a statute offence, the court did not err in refusing to charge the jury that it was also an offence at common law. It was immaterial whether it was or was not a common-law offence.

4th. To sustain the indictment, it was not necessary to prove that the offence had been committed in all the modes enumerated in the statute. If proved to have been committed in either one of those modes, it was sufficient. *State* v. *Nelson,* 29 Maine, 334. The words, "used for the illegal sale and keeping of intoxicating liquors and for the habitual resort of intemperate, idle, dissolute, noisy, and disorderly persons," are not mere words of description, but they declare the modes in which the offence is charged to have been committed. The words, " for the habitual resort of intemperate, &c.," are equivalent to the words of the statute, " where intemperate, &c., are in the habit of resorting." The charge of the court was substantially according to the request of the defendant's counsel, as stated in his fourth exception.

BRAYTON, J. The first point made by the defendant in the argument is, that this indictment does not charge any offence described in the statute upon which the indictment was framed. Chapter 73, section 1, of the Revised Statutes, declares all grogshops, tippling-shops, or buildings, places, or tenements, used for the illegal sale or keeping of intoxicating liquors, or where intemperate, idle, dissolute, noisy, or disorderly persons are in the habit of resorting, to be common nuisances; and section 2d provides, that any person keeping or maintaining any such common nuisance, shall be punished as therein provided. This statute declares that such place, building, or tenement, kept in either of the modes described, is a common nuisance, and the keeper thereof punishable. The indictment charges the defendant with keeping a place and tenement in each and every

of these modes ; — that he kept it as a grog-shop, as a tip-
pling-shop, and also, that he kept it for the illegal sale of
intoxicating liquors, and for the resort of idle, dissolute, noisy,
and intemperate persons.    But because he is charged with
having kept it in all the modes, the argument is, that it is not
charged to have been kept in any one.    The defendant might
have been charged with keeping the place solely for the illegal
sale of intoxicating liquors, adding only the allegation of time
and place ; and in that case, it is admitted, that the indict-
ment would have been sufficient to charge the keeping of a
nuisance under this act.    But it is not the less charged, be-
cause there is also a charge of keeping it in another mode.
The objection here is, not that several statute offences are
charged in the same count, but that no one of them is.    The
same may be said of the charge of keeping a grog-shop, or of
a tippling-shop, and of the charge of keeping a place resorted
to by idle, noisy, and intemperate persons.    Each of these
modes of keeping is alleged.    Either of them would consti-
tute the offence created by the statute.    In fact, however, but one
offence is here charged, — one nuisance, though it is charged
that the offence was committed in each of several modes.
The act contemplates, and the indictment contemplates, but
one offence, but several modes in which it may be committed,
either of which constitutes the offence.    The indictment is
framed upon the statute, and in alleging the offence, follows
the language of the act creating it, in all the contemplated
modes.    This is allowable in criminal pleading ; and it is held
sufficient to allege the commission of the offence in the lan-
guage of the act.

The second point made by the defendant is, that the indict-
ment does charge an offence at common law ; and he excepts,
because the judge who tried this cause declined so to direct
the jury.    It was quite sufficient that the indictment charged
a statute offence; and the judge was quite right in directing
the jury, that if they found the statute offence proved, it was
not material whether any common-law offence was, or was
not, alleged, — that the inquiry was unnecessary.

Another matter of exception is, that the judge refused to

charge the jury, that in order to convict the defendant, it was necessary for the government to prove, not only that the building, place, or tenement, was used for the illegal sale or keeping of intoxicating liquors, but also, that intemperate, idle, dissolute, noisy, or disorderly persons were in the habit of resorting there; but did charge the jury, that it was not necessary to prove both, and that proof of either was sufficient.

This exception assumes, and so the argument of the defendant is, that all the allegations of the indictment as to the mode of keeping are material and necessary to be proved, in order to a conviction. The strictness of even the criminal law does not extend to this. It is true, that as a general rule, no allegation, whether necessary or unnecessary, which is descriptive of the identity of that which is legally essential to the charge, can ever be rejected, but must be proved, as laid; and therefore, in larceny, where it is necessary to allege the ownership of the property, the name of the owner must be truly stated, and proved as laid. So, in burglary, it is necessary to state the ownership of the house; and it must be stated truly, and proved as laid, or there will be a variance. And in larceny, where the indictment describes the property stolen with unnecessary minuteness, so as to distinguish it from all others, it has been held, that it must be proved to come within that description; and this is held, because the pleader undertakes to identify it by minute description, and makes the description material; and the instance is given, of the allegation of a black horse, when the word black might have been omitted, but being inserted as descriptive, it was held that it must be proved.

There is however another rule equally universal; — that such allegations as may be entirely omitted without affecting the charge against the defendant, and without detriment to the indictment, are considered as surplusage, and may be disregarded in evidence; *United States* v. *Howard,* 3 Sumner, 15; that it is only necessary to prove so much of that which is alleged as is legally necessary to constitute the offence charged; and under this rule many examples are given. Under this last rule the case of the defendant will fall. It is not neces-

sary to prove the charge to the whole extent laid. 2 Russ. on Crimes, 786. On a charge of setting fire to a barn in the night-time, it was held not necessary to prove it to be done in the night-time; that not being legally necessary to constitute the offence. So, in an indictment for obtaining goods by false pretences, where several false pretences are alleged, it is held only necessary to prove one, if the goods were obtained by means of that one; and the others may be rejected. So, on a charge of composing, printing, and publishing a libel, it is not necessary to prove that it was *composed* by the defendant. *Rex* v. *Hunt,* 2 Camp. 583; *Rex* v. *Williams,* Ib. 546. Very many other cases might be cited, all proceeding upon the same principle; and see *State* v. *Nelson,* 29 Maine, 329.

In the case at bar, all that was necessary to constitute the offence, was the keeping of the building, place, or tenement for the illegal sale or keeping of intoxicating liquors; and this being proved, and that it was maintained by the defendant, the offence is proved against him; and all the other allegations, not being necessary to the offence, may be disregarded in evidence.

Another ground of exception is, that the judge did not charge the jury, though desired so to do, that in order to convict the defendant, the facts proved and relied upon by the government must be of such a character that their existence could not reasonably be reconciled with any other hypothesis than that of the guilt of the defendant. This proposition, as the bill of exceptions states, was assented to by the court, of course in the presence of the jury; and therefore must have gone to them in connection with the language afterwards used by the judge in his direction to them. The subsequent directions do not contradict this proposition stated by counsel, though it was not in terms repeated to them by the judge, after giving his assent in their presence to its correctness. He said, that if the testimony in the case was as consistent with the innocence of the defendant as with his guilt, they must acquit, if otherwise, they need not; but if, nevertheless, they had any reasonable doubt upon the whole evidence as to the guilt of the defendant, he was entitled to an acquittal. We do

not think the jury could have misunderstood this, or could have supposed that the judge intended to deny that the proposition, assented to by him to be correct, was one by which they were to be guided; and they must have understood, that although the evidence was not entirely consistent with his innocence, yet it must leave them without reasonable doubt of the defendant's guilt. We think the jury had substantially the direction asked, though it may not have been in the form requested.

> *Exceptions overruled, and the cause remanded to the court of common pleas.*